MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: SHARON E. FRASE (SF-4906)
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2329



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA,

    - v -

$40,180 in United States currency,

        Defendant-in-rem.

------------------------------------X

VERIFIED COMPLAINT

07 Civ.

07 CV 10660

       Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its complaint alleges as follows:

I. JURISDICTION AND VENUE

       1.  This action is brought pursuant to 21 U.S.C. § 881 by the United States of America seeking the forfeiture of $49,000 in United States currency (the "defendant-in-rem currency");

       2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is proper under 28 U.S.C. § 1355(a) because the actions giving rise to forfeiture took place in the Southern District of New York and the defendant-in-rem currency was found and seized in the Southern District of New York.

       3.  The defendant-in-rem currency is presently in the

custody of the United States Marshals Service ("USMS") Seized Asset Deposit Fund Account held at the Federal Reserve Bank.

## II. PROBABLE CAUSE FOR FORFEITURE

4. On or about May 17, 2007, of New York City Police Department ("NYPD") Detective Viola with NYPD Manhattan North Narcotics squad received information from a confidential source ("CS") that an unknown individual had just dropped off an unknown quantity of cocaine inside 601 West 151st Street, Apartment 4C, and was departing that location shortly. The CS provided a description of the unknown individual.

5. Detective Viola and members of his field team responded to the scene and observed exiting 601 West 151st Street a male Hispanic fitting the description given by the CS. The individual, who was later identified as Ramon Novas, of 1208 Southern Boulevard, Apartment 1A, Bronx, New York, was leaving the building carrying some type of object in his waistband. The claimant entered a 1996 Green Ford Explorer that was parked in front of 51 Hamilton Place. It was later determined that the Explorer Novas entered is registered to the claimant. The officers then stopped Novas, and observed on the backseat armrest area a black bag. The black bag contained $40,180.00 in United States currency that was packaged in small denominations and wrapped in numerous rubber bands – a method that is consistent with the packaging of street-level drug currency.

6.   NYPD officers removed Novas to the 30th Precinct station house.  Prior to the reading of his rights under *Miranda v. Arizona*, Novas informed the officers in substance that the currency was for the purchase of a Toyota Odyssey minivan.  Novas also stated in substance that he was employed in part-time construction work, but would not provide the name of the company he was working for, nor could Novas provide any proof of employment.

7.   A search of law enforcement records revealed numerous narcotic-related cases at 601 West 151st Street.  There have been approximately 10 arrests for narcotics related offenses and 3 complaints for drug sales at this location, and there is an ongoing law enforcement investigation into the distribution of narcotics at 601 West 151st Street.

### III. CLAIM FOR FORFEITURE

8.   Incorporated herein are the allegations contained in paragraphs one through seven of the Complaint.

9.   Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such exchanges, and all moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

10. The defendant-in-rem currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because there is probable cause to believe that it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such exchanges, and/or moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code.

11. By reason of the above, the defendant-in-rem currency became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the defendant-in-rem currency and that all persons having an interest in the defendant-in-rem currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the defendant-in-rem currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
      November 27, 2007

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York
                        Attorney for the Plaintiff
                        United States of America

             By: _____
                        SHARON A. FRASE (SF-4906)
                        Assistant United States Attorney
                        One St. Andrew's Plaza
                        New York, New York 10007
                        Telephone: (212) 637-2547