MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: SHARON E. FRASE (SF-4906)
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2329



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                    :
UNITED STATES OF AMERICA,
                                    :
            - v -                              VERIFIED AMENDED
                                    :          COMPLAINT

$40,180 in United States currency, :           07 Civ. 10660 (CM)

            Defendant-in-rem.      :

----------------------------------X

        Plaintiff United States of America, by its attorney,

Michael J. Garcia, United States Attorney for the Southern

District of New York, for its complaint alleges as follows:

                I. JURISDICTION AND VENUE

        1.    This action is brought pursuant to 21 U.S.C. § 881

by the United States of America seeking the forfeiture of $40,180

in United States currency (the "defendant-in-rem currency");

        2.    This Court has jurisdiction pursuant to 28 U.S.C.

§§ 1345 and 1355.  Venue is proper under 28 U.S.C. § 1355(a)

because the actions giving rise to forfeiture took place in the

Southern District of New York and the defendant-in-rem currency

was found and seized in the Southern District of New York.

        3.    The defendant-in-rem currency is presently in the

custody of the United States Marshals Service ("USMS") Seized

Asset Deposit Fund Account held at the Federal Reserve Bank.

## II. PROBABLE CAUSE FOR FORFEITURE

4. On or about May 17, 2007, of New York City Police

Department ("NYPD") Detective Viola with NYPD Manhattan North

Narcotics squad received information from a confidential source

("CS") that an unknown individual had just dropped off an unknown

quantity of cocaine inside 601 West 151st Street, Apartment 4C,

and was departing that location shortly. The CS provided a

description of the unknown individual.

5. Detective Viola and members of his field team

responded to the scene and observed exiting 601 West 151st Street

a male Hispanic fitting the description given by the CS. The

individual, who was later identified as Ramon Novas, of 1208

Southern Boulevard, Apartment 1A, Bronx, New York, was leaving

the building carrying some type of object in his waistband. The

claimant entered a 1996 Green Ford Explorer that was parked in

front of 51 Hamilton Place. It was later determined that the

Explorer Novas entered is registered to the claimant. The

officers then stopped Novas, and observed on the backseat armrest

area a black bag. The black bag contained $40,180.00 in United

States currency that was packaged in small denominations and

wrapped in numerous rubber bands - a method that is consistent

with the packaging of street-level drug currency.

2

6.    NYPD officers removed Novas to the 30th Precinct station house.  Prior to the reading of his rights under *Miranda v. Arizona*, Novas informed the officers in substance that the currency was for the purchase of a Toyota Odyssey minivan.  Novas also stated in substance that he was employed in part-time construction work, but would not provide the name of the company he was working for, nor could Novas provide any proof of employment.

7.    A search of law enforcement records revealed numerous narcotic-related cases at 601 West 151st Street.  There have been approximately 10 arrests for narcotics related offenses and 3 complaints for drug sales at this location, and there is an ongoing law enforcement investigation into the distribution of narcotics at 601 West 151st Street.

III. <u>CLAIM FOR FORFEITURE</u>

8.    Incorporated herein are the allegations contained in paragraphs one through seven of the Complaint.

9.    Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such exchanges, and all moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

3

10.    The defendant-in-rem currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because there is probable cause to believe that it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such exchanges, and/or moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code.

11.    By reason of the above, the defendant-in-rem currency became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays
that process issue to enforce the forfeiture of the defendant-in-
rem currency and that all persons having an interest in the
defendant-in-rem currency be cited to appear and show cause why
the forfeiture should not be decreed, and that this Court decree
forfeiture of the defendant-in-rem currency to the United States
of America for disposition according to law, and that this Court
grant plaintiff such further relief as this Court may deem just
and proper, together with the costs and disbursements of this
action.

Dated: New York, New York
       December 5, 2007

                          MICHAEL J. GARCIA
                          United States Attorney for the
                          Southern District of New York
                          Attorney for the Plaintiff
                          United States of America

By:

                          SHARON A. FRASE (SF-4906)
                          Assistant United States Attorney
                          One St. Andrew's Plaza
                          New York, New York 10007
                          Telephone: (212) 637-2547

<u>VERIFICATION</u>

| | |
|---|---|
| STATE OF NEW YORK | ) |
| COUNTY OF NEW YORK | : |
| SOUTHERN DISTRICT OF NEW YORK | ) |

ADELE HANAY, being duly sworn, deposes and says that she is a Special Agent with the United States Drug Enforcement Administration, and as such has responsibility for the within action; that she has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of her own knowledge, information and belief.

The sources of deponent's information and the grounds of her belief are official records and files of the New York City Police Department, the State of New York, and the United States Government, and information obtained directly by deponent during an investigation of alleged violations of Title 21, United States Code.

Adele Hanay
ADELE HANAY
Special Agent
Drug Enforcement Administration

Sworn to before me this
6ᵗʰ day of December, 2007

NOTARY PUBLIC
LESLEY B. GLENN
Notary Public, State of New York
GL............57
Qualified in New York County
Commission Expires 6/30/11

6

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

|  Southern  | District of | New York |

United States of America

v.

SUMMONS IN A CIVIL ACTION

$40,180 IN U.S.C.    CASE NUMBER:    07 CIV. 10660

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

## J. MICHAEL McMAHON

DEC 0 6 2007

CLERK

(By) DEPUTY CLERK

DATE